**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HUSSEIN MOHAMED NUR,

     Petitioner,

v.

RAY CARNES, Warden of the Torrance County Detention Center; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; TODD BLANCHE, Acting Attorney General of the United States; and MARY DE ANDA-YBARRA, Field Office Director of the El Paso Field Office of Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement,

     Respondents.

Case No. 1:26-cv-01190-MIS-KRS

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

THIS MATTER is before the Court on Petitioner Hussein Mohamed Nur's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed April 16, 2026. Petitioner is a citizen of Somalia who fled persecution in his home country "after Al-Shabab members threatened his life and resulted in his family member deaths, on account of religion, political opinion, membership in PSG of Somali Government Workers." Pet. ¶ 2. He entered the United States through the San Ysidro West Port of Entry on September 9, 2022. Pet. ¶ 2; Notice to Appear at 1, ECF No. 1-2 at 5. He was placed into removal proceedings, issued a Notice to Appear, ECF No. 1-2 at 5, and released under a "DT" Class of Admission. Pet. ¶¶ 17-18. Thereafter, Petitioner filed an Application for Asylum and for Withholding of Removal, which remains pending. Id. ¶ 18. He has lived in the United States continuously for over three years, has significant ties with the U.S.,

has no criminal record, and is in full compliance with all Immigration and Customs Enforcement ("ICE"), court, and agency regulations.  Id. ¶ 1.

Nevertheless, on January 9, 2026, ICE officers arrested Petitioner while he was traveling to meet his family in Minneapolis, Minnesota.[1]  Id. ¶ 19.  He is currently being detained by the Department of Homeland Security at the Torrance County Detention Center in Estancia, New Mexico.  Id. ¶¶ 12, 21.

On April 16, 2026, Petitioner filed the instant Petition requesting a writ of habeas corpus requiring that Respondents immediately release him from custody.  Id. at 21.

On April 16, 2026, the Court issued an Order to Show Cause, ECF No. 3, which instructs that Respondents "shall respond to the Petition and **SHOW CAUSE** why the requested relief should not be granted" within ten business days.  Id. at 2.  The Order reminds Respondents "that this Court has already decided the issues presented by the Petition and granted the relief Petitioner requests here."  Id. at 2-3 (citations omitted).  As such, the Court ordered that Respondents must "demonstrate that the facts of this case warrant a departure from the Court's prior rulings."  Id.

On April 30, 2026, the Federal Respondents filed a Response arguing that Petitioner is an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b), and therefore this Court lacks subject matter jurisdiction to consider the petition; Petitioner is not entitled to due process beyond what is statutorily prescribed; and the Petition fails to state a claim upon which relief can be granted.[2]  ECF No. 7.  However, Respondents did not distinguish the facts of this case from

---

[1]  The Petition twice states that Petitioner was arrested on January 9, 2025.  ECF No. 1 ¶¶ 5, 19.  However, the Petition later states that he was arrested in January 2026.  Id. ¶¶ 26, 55, 74.  The Court assumes that Petitioner was arrested on January 9, 2026, as the Government was not arresting law-abiding noncitizens with pending asylum applications on January 9, 2025, but was arresting such individuals en masse in Minneapolis in January 2026.

[2]  The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-

prior cases that this Court has decided on the precise issue before the Court, i.e., whether 8 U.S.C. § 1225(b) or § 1226(a) governs Petitioner's detention.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.  The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 7. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1.      The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.      Respondents are **ORDERED** to immediately release Petitioner Hussein Mohamed Nur from custody/detention;

3.      Respondents **SHALL** return all of Petitioner's seized personal belongings to Petitioner;

---

mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 2.  However, as has become customary in these cases, the Warden did not respond to the Petition.

3

4.   Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5.   The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE